CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 04 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROAONKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:08CR00017 |
| | ) | (CASE NO. 7:12CV80548) |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| RANDY ALAN MELTON, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Randy Alan Melton, a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Upon review of the motion and court records, the court concludes that the § 2255 motion must be dismissed as successive.[1]

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Court records indicate that defendant previously filed a § 2255 motion concerning this same conviction and sentence. United States v. Melton, Case No. 7:09CV80171 (W.D. Va. Aug. 4, 2009), appeal dismissed, 360 Fed. App'x 479 (4th Cir. Jan. 7, 2010), cert. denied, 130 S. Ct. 1922 (Mar. 22, 2010). As the defendant offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, the court must dismiss his current action without prejudice. A separate order will be entered this day.

---

[1] The court also notes that Melton's § 2255 claim is without merit. Melton asserts that his sentence is illegal under United States v. Simmons, 649 F.3d 237 (4th Cir. Aug. 17, 2011) (en banc) and Carachuri-Rosendo v. Holder, __ U.S. __, 130 S. Ct. 2577 (June 14, 2010). The United States Court of Appeals for the Fourth Circuit has held, however, that these decisions are not retroactively applicable in a § 2255 motion. See United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012) ("Because the Supreme Court's decision in Carachuri at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review.").

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 4th day of January, 2013.

                                                                                                                                                       */s/ Glen E. Conrad*
                                                   Chief United States District Judge